# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Offshore Rental Ltd            Civil Action No. 16-01090

versus            Magistrate Judge Carol B Whitehurst

LA. Scrap International et al            By Consent of the Parties

## MEMORANDUM RULING AND ORDER

Before the Court is a "Consent Motion To Sever" filed by Defendant, Southern Recycling L.L.C. ("Southern Recycling") [Rec. Doc. 241], Defendant Louisiana Scrap International, Inc., Louisiana Scrap Processors LLC, John Rongey and Kathy Rongey's (collectively "Louisiana Scrap") Memorandum in Opposition [Rec. Doc. 245] and Supplemental Memorandum in Opposition [Rec. Doc 253] and Southern Recycling's Reply [Rec. Doc. 255].

Southern Recycling moves the Court to use its discretion to sever the plaintiff's claims against it from the plaintiff's claims against Louisiana Scrap[1] under Fed.R.Civ.P. 21. In support of its motion, Southern Recycling states that the claims against Louisiana Scrap rely on different facts, witnesses and require evidence unrelated to the evidence relevant to Southern Recycling. It further states that trying the two defendants together "could introduce jury confusion and bias the jury against Southern Recycling."

---

1   Louisiana Scrap filed a counterclaim against Hartford Fire Insurance Co. ("Hartford") for defense and coverage in this action. *R. 60*. Southern Recycling's motion to sever Louisiana Scrap would also sever the claims against counterclaim defendant, Hartford.

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. *The court may also sever any claim against a party.*

Fed. R. Civ. P. 21 (emphasis added). Under Rule 21, a "district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). Despite the permissive nature of joinder, a district court has broad discretion in deciding whether to sever any claim against a party pursuant to Rule 21. *See Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). The Fifth Circuit has described the effect of severance as follows:

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discre[te], independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.

*United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983); *see also Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992) (quoting *O'Neil*, 709 F.2d at 368).

Because Rule 21 does not itself set out a standard for its application, "courts have looked to Rule 20 [of the Federal Rules of Civil Procedure] for guidance" as to whether severance is proper under Rule 21. *Acevedo v. Allsup's*

*Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010); *Clay v. New Tech Global Ventures*, LLC, 2019 WL 1028532, at *14 (W.D.La., 2019) (citing *Id.*). Rule 20 permits "joinder of plaintiffs when (1) their claims arise out of the same transaction, occurrence, or series of transactions or occurrences and when (2) there is at least one common question of law or fact linking all claims." *Id*. "Generally, as long as both prongs of the test are met, permissive joinder of plaintiffs is at the option of the plaintiffs." *Id*. Even where both prongs of the Rule 20 test are satisfied, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Id*.

Numerous district courts in the Fifth Circuit have held that the following factors should be considered when deciding whether a claim should be severed under Rule 21: (1) whether the claims arose out of the same transaction or occurrence, (2) whether the claims present common questions of law or fact, (3) whether settlement or judicial economy would be promoted, (4) whether prejudice would be averted by severance, and (5) whether different witnesses and documentary proof are required. *See, e.g., Phi, Inc. v. Apical Industries, Inc.*, 2014 WL 1820717, at *5 (W.D.La.,2014); *E. Cornell Malone Corp. v. Sisters of the Holy Family*, 922 F. Supp. 2d 550, 561 (E.D. La. 2013); *Paragon Office Services, LLC v. United Healthcare Ins. Co., Inc.*, 2012 WL 4442368, at

*1 (N.D.Tex., Sept. 26, 2012); *Aspen Technology, Inc. v. Kunt,* 2011 WL 86556, at *2 (S.D.Tex., Jan. 10, 2011); *Butcher v. Allstate Ins. Co.,* No. 2008 WL 5101339, at *2 (S.D.Miss., Nov. 26, 2008); *Goodyear v. Dauterive Hosp. of New Iberia, Louisiana,* 2007 WL 2066855, at *2 (W.D.La., July 13, 2007). It is notable that the first two factors track the "two-prong test" created by Rule 20. Therefore, application of these five factors accounts for whether joinder was appropriate, but it also allows for the exercise of judicial discretion in instances where joinder was permissible but severance is warranted. *E. Cornell Malone Corp. v. Sisters of the Holy Family, St. Mary's Academy of the Holy Family*, 922 F.Supp.2d 550, 561–62 (E.D.La.,2013).

Application of these factors in the instant case demonstrates that severance is appropriate. The first factor, whether the claims arose out of the same transaction or occurrence, favors severance because the claims against Southern Recycling arose out of transactions and occurrences different and separate from those against Louisiana Scrap. Southern Recycling and Louisiana Scrap are two different and unrelated companies. In particular, the Southern Recycling employee(s) called, whether as an actor or witness to the transactions or occurrences, will be different from the Louisiana Scrap employees. The policies and procedures related to the incidents will be distinctive as to each company. The only commonality is the Offshore Rental employee who illegally

provided the equipment or metal. This fact, however, does not provide a common question of fact related to the liability of the distinct defendants, i.e. the alleged misconduct of Southern Recycling will have no legal effect on the alleged misconduct of Louisiana Scrap. The Court agrees that a single jury hearing the evidence of both companies could conflate those differences or confuse the distinctions.

The second factor is whether the claims present common questions of law or fact. The same law will apply to the plaintiff's claims against Southern Recycling and Louisiana Scrap. However, Louisiana Scrap's crossclaim against its insurer, Hartford, for defense and coverage has nothing to do with plaintiff's claims and therefore introduces additional facts and law applicable only to Louisiana Scrap. Further, there will be different factual issues, witnesses and evidence presented as to each defendant. This factor favors severance.

As to the third factor, Southern Recycling contends that settlement may be impeded without severance because there is no connection between Southern Recycling and Louisiana Scrap. In the event severance promotes settlement it will in turn promote judicial economy.

Fourth, whether prejudice would be averted by severance. The Court finds that, in addition to possible jury confusion in correctly separating the witnesses and evidence, Louisiana Scrap's crossclaim against Hartford will add

even more witnesses and evidence having nothing to do with Southern Recycling. Significantly, this will cause Southern Recycling to incur additional attorneys' fees and costs of trying the case against it, ultimately prejudicing it.

Finally, for the reasons discussed in the foregoing, the Court finds the fifth factor, whether different witnesses and documentary proof are required, supports severance of the claims in this action. Accordingly,

**IT IS ORDERED** that Defendant, Southern Recycling L.L.C.'s Consent Motion To Sever [Rec. Doc. 241] is **GRANTED** and the Clerk of Court is to assign a new case number to Plaintiff's claims against Southern Recycling L.L.C. The Court will schedule a telephone scheduling conference to discuss a new Scheduling Order.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 4th day of October, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE