# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Offshore Rental Ltd | Civil Action No. 16-01090 |
| versus | Magistrate Judge Carol B. Whitehurst |
| LA. Scrap International et al | By Consent of the Parties |

## MEMORANDUM RULING

Before the Court is a Motion For Summary Judgment filed by Defendants, Louisiana Scrap L.L.C., John Rongey, Kathy Rongey and Louisiana Scrap International, Inc. (collectively "Louisiana Scrap") [Rec. Doc. 243]. Plaintiff, Offshore Rental Ltd. does not oppose the motion.[1] For the reasons that follow the Unopposed Motion will be GRANTED.

## I. BACKGROUND

Offshore Rental filed this action alleging that "prior to August 2015 and on numerous occasions in the months following," defendant, Travis Cormier, the former employee of Offshore Rental, conspired with defendants, Anthony Harris and Floyd Tolivour ("conspirators") to misappropriate and transport Offshore Rental's equipment from its facility in Golden Meadow, Louisiana to scrapyards in Lafayette, Louisiana, owned and operated by Louisiana Scrap and Southern

---

[1] Pursuant to the Court's Order granting Plaintiff's motion for extension to file a response to the instant motion, Plaintiff's response was due by October 1, 2019. *R. 249*. Additionally, on October 11, 2019, the parties filed a Joint Stipulation into the record agreeing that John Rongey, Kathy Rongey, and Louisiana Scrap International, Inc. shall be dismissed from this law suit with prejudice. *R. 257*.

Recycling L.L.C.[2] *R. 60.* Plaintiff also named as Defendants the individual members/managers of Louisiana Scrap, John Rongey, and Kathy Rongey as well as a separate entity, Louisiana Scrap International, Inc. Plaintiff further alleged that the scrapyards and their personnel paid cash to the conspirators and took possession of the Property and cash despite the fact that they knew or should have known it did not belong to the conspirators. *Id.*

## II. LAW AND ANALYSIS

The fact that the motion is unopposed does not necessarily mean the movant should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995)(citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985)); *see also Calais v. Theriot*, 589 Fed.Appx. 310, 311 (5th Cir. 2015). However, failure to file an opposition and statement of contested material facts requires the Court to deem the movant's statements of uncontested material facts admitted for purposes of the motion. Local Rule, LR 56.2.

---

2 The Court severed Southern Recycling LLC and its insurer from this action on October 4, 2019. *R. 256.*

Louisiana Scrap's uncontested statement of material facts provide that John Rongey and Kathy Rongey are owners of Louisiana Scrap and neither of them was involved in the purchase or disposition of any Offshore Rental material or equipment. *R. 243-5, 2 & 3*. Louisiana Scrap International, Inc. is a separate corporate entity form Louisiana Scrap and has nothing to do with the factual circumstances alleged in the instant lawsuit. *Id. at 5*. The complaint provides no allegations to the contrary. *R. 60*.

As to John Rongey and Kathy Rongey the Plaintiff alleges only the conclusory statement that they, "had actual or constructive knowledge that the property was stolen." *R. 1, ¶11*. On March 28, 2019, Louisiana Scrap propounded interrogatories and requests for production to Offshore Rental requesting "every fact supporting" the allegations against John Rongey and Kathy Rongey. Offshore Rental's answer and supplemental answer stated, "This request is premature; discovery is ongoing, and facts relating to the transactions at issue are being acquired." *R. 243-4, Interrog. No. 10*. Offshore Rental further reiterated the conclusory allegations made in the complaint against them and referenced their depositions and statements without any factual information. *Id.*

Louisiana Revised Statute 12:1320 sets forth the general rule that "no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company," except as

3

otherwise provided under the statute. La. R.S. 12:1320(B). However, "a member's protection against personal liability is not unlimited." *Ogea v. Merritt*, 130 So. 3d 888, 897 (La. 12/10/13). Specifically, the statute sets forth three exceptions to the general rule of limited liability for limited liability company members: fraud, breach of professional duty, or other negligent or wrongful act. *See* La. R.S. 12:1320(D). Thus, third parties can bring claims against members and managers for "any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act *by such person*, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him." La. R.S. 12:1320(D). "To have meaning within the entire statute, the phrase 'or other negligent or wrongful act by such person' must refer to acts done outside one's capacity as a member, manager, employee, or agent of the limited liability company." *Meadaa v. K.A.P. Enterprises LLC*, 2010 WL 3328003, at *6 (W.D.La.,2010) (quoting *Curole v. Ochsner Clinic, L.L.C.*, 811 So.2d 92, 97 (La.App. 4 Cir.,2002).

Offshore Rental has failed to present any evidence that the Rongeys had any direct involvement in the facts at issue in this case or that they were acting outside of their capacity as members or managers of Louisiana Scrap. Further, Plaintiffs point to no authority, and this Court has located none, supporting the proposition that an ownership interest in an LLC that is vicariously liable for an employee's

4

conduct renders the act of ownership a "negligent or wrongful act." Therefore, the exception that allows a person to bring suit against a member of an LLC for that member's own wrongful conduct does not allow imposition of liability on the Rongeys in their capacity as owners of Louisiana Scrap. *See Hewitt v. 3G Energy Services, LLC*, 2019 WL 2402963, at *4 (W.D.La., 2019).

The Court finds there are no genuine issues of material fact as to John Rongey's and Kathy Rongey's personal liability, and therefore, they are entitled to judgment as a matter of law. Also, based on the complete lack of allegations as to Louisiana Scrap International, Inc.'s liability to Offshore Rental, it is also entitled to judgment as a matter of law.

THUS DONE AND SIGNED this 15th day of October, 2019.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**